UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JORDAN FLEMING BLOCHER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MINDGEEK USA INC.,<br><br>　　　　　　Defendant. | Case No. 3:23-CV-00209-MMD-CLB<br><br>**ORDER ADDRESSING MISCELLANEOUS MOTIONS**<br><br>[ECF Nos. 21, 22, 24] |

Before the Court are several motions filed by Plaintiff: (1) motion for relief, ECF No. 21; (2) motion for *pro se* litigant to file electronically, ECF No. 22; and (3) motion for appointment of counsel, ECF No. 24. The Court addresses each in turn.

## I.　　MOTION FOR RELIEF

Plaintiff's first motion is titled "Motion for Relief, Forgiveness of Filing Error". (ECF No. 21.) It is unclear what specific relief Plaintiff seeks through the motion. The Federal Rules of Civil Procedure require that all motions filed with the Court state with particularity the grounds for seeking the order and the relief sought. Fed. R. Civ. P. 7(b)(1)(B)-(C). Further, the motion does not contain a points and authorities in support of the motion. LR 7-2(d). Thus, the motion is improper and must be denied.

Plaintiff is advised that the filing of frivolous and legally unsupported motions is forbidden by the Local Rules of Practice and the Federal Rules of Civil Procedure. The Court has a heavy docket. Plaintiff's case is just one of hundreds before the Court, and frivolous filings slow the pace of the litigation, and place Plaintiff at risk of sanctions.

At this early juncture, the Court will be lenient because Plaintiff is a *pro se* party. However, Plaintiff is advised that her status as a *pro se* litigant does not give her a blank check to clutter the docket. *See Schenker v. Rowley*, No. 3:12-cv-00174-LRH-VPC, 2013 WL 321688, at *3-4, 5-6 (D. Nev. Jan. 28, 2013). Accordingly, Plaintiff's motion for relief, (ECF No. 21), is denied.

## II. MOTION FOR *PRO SE* LITIGANT TO FILE ELECTRONICALLY

Next, Plaintiff requests permission to file electronically. (ECF No. 22.) The motion is granted. In order for Plaintiff to file documents electronically, Plaintiff is required to register and maintain a CM/ECF account, which can be found on the court's website (www.nvd.uscourts.gov) under the Self Help/E-Filing Permission link. Plaintiff shall also complete the CM/ECF tutorial and become familiar with the Electronic Filing Procedures, Best Practices and the Civil Events Menu that are accessible on the website. Plaintiff is instructed that this order granting permission to file on CM/ECF is applicable only to this case.

## III. MOTION FOR APPOINTMENT OF COUNSEL

Finally, Plaintiff has filed a motion requesting appointment of counsel. (ECF No. 24.) In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In limited circumstances, courts are empowered to request an attorney to represent an indigent civil litigant. For example, courts have discretion, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *Ageyman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). To determine whether the "exceptional circumstances" necessary for appointment of counsel are present, courts evaluate (1) the likelihood of plaintiff's success on the merits and (2) the plaintiff's ability to articulate his claim pro se "in light of the complexity of the legal issues involved." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). Neither of these factors is dispositive and both must be viewed together. *Wilborn*, 789 F.2d at 1331.

The difficulties every litigant faces when proceeding *pro se* does not qualify as an exceptional circumstance. *Wood v. Housewright*, 900 F. 2d 1332, 1335-36 (9th Cir. 1990). While almost any *pro se* litigant would benefit from the assistance of competent counsel, such a benefit does not rise to the level of "exceptional circumstances." *Rand v. Rowland*,

113 F.3d 1520, 1525 (9th Cir. 1997), *opinion reinstated in pertinent part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (en banc). Rather, the plaintiff must demonstrate that he is unable to articulate his claims due to their complexity. *Id.*

Plaintiff has failed to establish that exceptional circumstances exist in this instance. Plaintiff's motion simply states Plaintiff is "distraught" when addressing the case. (ECF No. 24.) However, the motion does not explain any facts or information as to what would necessitate the appointment of counsel in this case or what makes this case exceptional. Nor is there any information or argument explaining why Plaintiff cannot articulate her own claims. Because Plaintiff has not demonstrated exceptional circumstances, the motion for appointment of counsel, (ECF No. 24), is denied.

### IV. CONCLUSION

Accordingly, **IT IS ORDERED** that Plaintiff's motion for relief, (ECF No. 21), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for *pro se* litigant to file electronically, (ECF No. 22), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel, (ECF No. 24), is **DENIED**.

**IT IS SO ORDERED**.

DATED: July 13, 2023.

_____
UNITED STATES MAGISTRATE JUDGE