UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JORDAN FLEMING BLOCHER,<br><br>Plaintiff,<br><br>v.<br><br>MINDGEEK USA INC.,<br><br>Defendant. | Case No. 3:23-CV-00209-MMD-CLB<br><br>**ORDER GRANTING MINDGEEK'S MOTION TO STAY DISCOVERY AND DENYING AS MOOT BLOCHER'S MOTION TO DETERMINE DISCOVERY PLAN**<br><br>[ECF Nos. 18, 30] |

Currently pending before the Court is Defendant MindGeek USA, Inc.'s ("MindGeek") motion to stay discovery. (ECF No. 18.) Plaintiff Jordan Fleming Blocher ("Blocher") filed a response, (ECF No. 27), and MindGeek replied. (ECF No. 29.) Also pending before the Court is Blocher's motion to determine discovery plan. (ECF No. 30.) The Court has reviewed the relevant pleadings and papers, and, for the reasons set for below, grants MindGeek's motion to stay discovery and denies Blocher's motion to determine discovery plan as moot.

**I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Blocher's complaint alleges the following. In 2018, Blocher's then-boyfriend recorded sexually explicit videos of her and uploaded them to "content sites for profit." (ECF No. 1-1 at 7.) Blocher later discovered the videos on "pornhub" ("Pornhub"). (*Id.*) In 2020, Blocher was tortured in her home from late April to mid-June by being repeatedly drugged and raped. (*Id.* at 7-8.) These events were videotaped and were released online in 2022. (*Id.* at 8.) Blocher's current boyfriend took additional sexually explicit videos of her which were also released online. (*Id.* at 8-9.) Blocher alleges the "negligence of MindGeek is clear" and asks for damages of $64,000,000. (*Id.* at 9, 14.) MindGeek claims it does not own or operate Pornhub, the website referenced by Blocher. (ECF No. 6 at 4.) In the complaint, Blocher does not explain the connection between MindGeek and Pornhub.

In response to the complaint, MindGeek filed a motion to dismiss the case for failure to state a claim upon which relief may be granted. (ECF No. 6.) Thereafter, MindGeek filed the instant motion to stay discovery arguing discovery should be stayed because: (1) the pending motion to dismiss is dispositive of the entire case; (2) no discovery is required to rule on the motion to dismiss; and (3) there is good cause for a stay. (ECF No. 18.)

Blocher opposed the motion to stay and requests that discovery be allowed. (ECF No. 27.) Blocher reiterates portions of her complaint and adds allegations that the accounts in question violate multiple Nevada statutes. (*Id.* at 2-3.) Blocher also argues MindGeek did not address her allegations of gross negligence. (*Id.* at 1-2.) MindGeek filed a brief reply on July 31, 2023. (ECF No. 29.) MindGeek argues Blocher's response does not dispute that the motion to dismiss is potentially dispositive or that discovery is unnecessary for the Court to decide the motion. (*Id.* at 1.) MindGeek reiterated that it "should not be required to engage in discovery when Plaintiff has not, and may never, set forth any coherent claims." (*Id*. at 2.) On August 2, 2023, Blocher also filed a motion to determine discovery plan. (ECF No. 30.)

**II.    LEGAL STANDARD**

To determine if a stay is appropriate pending the ruling on a motion to dismiss, a court must consider the following factors: (1) whether the pending motion is potentially dispositive of the case; (2) whether the motion can be decided without additional discovery; and (3) whether the court is convinced that the plaintiff cannot state a claim for relief. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). The court must take a "preliminary peek" at the merits of the underlying dispositive motion in order to find whether the plaintiff can state a claim. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). The "preliminary peek" does not prejudge the outcome of the motion; it merely evaluates whether an order staying discovery is warranted. *Id*.

In conducting its review, the court also considers the goal of Federal Rule of Civil Procedure 1, which provides that the Rules should "be construed, administered, and

employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. With Rule 1 as its prime directive, the court must decide whether it is more just to speed the parties along in discovery while a dispositive motion is pending or to delay discovery to accomplish the inexpensive determination of the case. *See Big City Dynasty v. FP Holdings, L.P.*, 336 F.R.D. 507, 512 (D. Nev. 2020).

## III. DISCUSSION

### A. MindGeek's Motion to Dismiss is Dispositive

The Court must first determine whether MindGeek's motion to dismiss is potentially dispositive. *Kor Media Group, LLC.*, 294 F.R.D. at 581. Here, MindGeek's motion to dismiss argues that Blocher has failed to state a claim upon which relief can be granted. (ECF No. 6 at 1-6.) MindGeek argues Blocher falls well short of stating any plausible claim because the complaint contains almost no allegations related to MindGeek, and none of the claims asserted would give rise to any recovery if proven. (*Id.* at 2.) MindGeek further argues that even if Plaintiff had adequately pleaded any viable claim, that claim would in turn be barred by Section 230 of the Communications Decency Act ("Section 230"), which affords a provider of an interactive computer service provider ("ICS") broad immunity from liability for content posted to its websites by third parties. 47 U.S.C. § 230(c)(1).

If the motion to dismiss is granted, it appears all of the claims asserted in the complaint would likely be subject to dismissal for failure to state a claim upon which relief may be granted. Therefore, the Court finds Defendants' motions to dismiss are potentially dispositive.

### B. No Discovery is Needed to Decide the Motion to Dismiss

Next, the Court must determine whether additional discovery is necessary for a ruling on the motion to dismiss. *Kor Media Group, LLC.*, 294 F.R.D. at 581. MindGeek argues that no discovery is necessary because the motion to dismiss deals purely with questions of law. (ECF No. 18 at 3.) The Court agrees with MindGeek's description of the issues in the motion to dismiss: "whether Plaintiff has pleaded a recognized claim, and

whether Defendant is immune from liability under Section 230." (*Id.* (citing 47 U.S.C. § 230).) Whether Blocher sufficiently pled her claims requires a legal determination of whether she met the standard of a "short and plain statement of [any] claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). Liability under Section 230 also is a pure question of law, as it requires determination of whether the defendant is "(1) a provider or user of an interactive computer service (2) whom a plaintiff seeks to treat, under a state law cause of action, as a publisher or speaker (3) of information provided by another information content provider." *Dyroff v. Ultimate Software Grp*., Inc., 934 F.3d 1093, 1097 (9th Cir. 2019); *see also Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1100 (9th Cir. 2009). Where the motion to dismiss concerns questions of law, additional discovery is not required. *Segal v. Lefebvre*, 2013 WL 12130553, *2 (D. Nev. Nov. 14, 2013). Therefore, as MindGeek's motion to dismiss concerns only questions of law, no discovery is required to rule on the motion to dismiss. *Id*.

  **C.**  **The Court is Convinced the Motion to Dismiss is Likely to be Granted**

  Finally, the Court must conduct a "preliminary peek" of the motions to determine whether as stay is warranted. *Tradebay*, 278 F.R.D. at 603. In conducting this preliminary peek, it is the Court's duty is to ensure an inexpensive determination of this action, and delaying discovery would prevent economic waste, since conducting discovery before the ruling on the motions to dismiss would be futile. Fed. R. Civ. P. 1; *see Big City Dynasty*, 336 F.R.D. at 512. Having conducted this preliminary peek, the Court finds a stay is warranted.

  Construed broadly, Blocher's complaint alleges a negligence claim, violations of California Penal Code Sections 647(j)(4), 261, 286, 236.1, 289, and 264.1, and a violation of the Thirteenth Amendment. (ECF No. 1-1.) MindGeek's motion to dismiss argues Blocher's claims must be dismissed because Blocher: (1) failed to state a claim for negligence; (2) has not alleged that MindGeek violated any section of the California Penal Code; (3) has not alleged MindGeek violated the Thirteenth Amendment of the

Constitution; and (4) brings claims that are barred by Section 230 of the Communications Decency Act (47 U.S.C. § 230) ("Section 230"). (ECF No. 6.) MindGeek argues "[a]part from the conclusory statement at the end of the Complaint's fact section that 'the negligence of MindGeek is clear,' and one passing reference to 'pornhub,' the Complaint does not include any factual allegations remotely related to Defendant, let alone allegations of wrongdoing." (*Id.* at 3 (quoting ECF No. 1-1 at 7, 9.).)

Blocher opposed the motion to dismiss, arguing: (1) there had been no judgment in the Nevada State Court from which this case was removed;[1] (2) the complaint received by MindGeek was not the final copy and was served despite Blocher attempting to stop the process server; (3) Blocher requested a stay in the state court and asks for one in the federal court; (4) Blocher does not feel as if she is being heard and that her complaint is being misunderstood by MindGeek; and (5) Blocher continues to fight a serious medical condition as well as homelessness. (ECF No. 16.)

MindGeek replied, arguing Blocher's opposition did not contain any law or facts in opposition to the motion to dismiss and reiterated that the complaint does not set forth "'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.' *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)." (ECF No. 17.)

### 1. Negligence Claim

First, MindGeek's motion to dismiss argues Blocher's complaint should be dismissed for failure to state a claim upon which relief may be granted or, in the alternative, dismissed because MindGeek is immune from liability under Section 230 of the Communications Decency Act. (ECF No. 6.) First, MindGeek argues Blocher fails to

---

[1] Here, given Blocher's status as a *pro se* party, a brief explanation of removal would be helpful. Removal gives a defendant who has been sued in a state court the right to "remove," or in other words to transfer, the case to federal court from the state court originally selected by the plaintiff. 4 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3721 (Rev. 4th ed.). Once an action is removed to federal court, the federal district court acquires full and exclusive subject-matter jurisdiction over the litigation and the case will proceed as if it originally had been brought in the federal court. *Id.* at § 3738. Therefore, no judgment in the Nevada State Court will be entered because the entirety of the case has been removed to Federal District Court.

1    state a sufficient claim for negligence. (ECF No. 6 at 3-4.) MindGeek argues that Blocher
2    has not adequately plead any of the required elements for negligence: "(1) [D]efendant[]
3    owed … a duty of care; (2) [D]efendant[] breached that duty; (3) this breach was the actual
4    cause of [the] injury; (4) the breach was the proximate cause of [the] injury; and (5)
5    [P]laintiff suffered damages." *Wesco Ins. Co. v. Smart Indus. Corp.*, 2018 WL 3447171,
6    at *3 (D. Nev. Jul. 17, 2018) (citing *Scialabba v. Brandise Const. Co., Inc.*, 112 Nev. 965,
7    967, 921 (Nev. 1996)); *see also Garcia-Garrido v. Outback Steakhouse of Florida, LLC*,
8    2018 WL 2434062, at *4 (D. Nev. May 30, 2018). Blocher's only reference to negligence
9    in her complaint is a conclusory statement that the "negligence of MindGeek is clear."
10   (ECF No. 1-1 at 9.) This is clearly insufficient to satisfy the required elements for
11   negligence. Therefore, the Court is convinced the motion to dismiss will be granted as to
12   the negligence claim.

### 2.  California Penal Code

14   Next, MindGeek argues Blocher failed to allege MindGeek violated any section of
15   the California Penal Code. (ECF No. 6 at 5.) MindGeek points out that, as an initial matter,
16   it is unlikely any of these laws are applicable because the complaint alleges that the
17   events detailed took place in Nevada. (*Id.*) Additionally, MindGeek argues that for all but
18   one of these statutes, it is unclear how MindGeek supposedly violated the criminal
19   provisions which require actions by a person because MindGeek is a corporation, not a
20   human being. (*Id.*) The remaining California statute, California Penal Code § 647(j)(4),
21   criminalizes the unauthorized intentional distribution of images of intimate body parts of
22   another. MindGeek argues Blocher at most alleges that third parties, not MindGeek,
23   uploaded the videos or released them online. (*Id.*) Additionally, the complaint contains no
24   allegation that it obtained any videos unlawfully or with the understanding that MindGeek,
25   as opposed to third parties, would keep those videos private as the statute requires. (*Id.*)
26   As the applicability of the California statutes to events which occurred in Nevada is
27   questionable at best, the Court is fairly convinced that the motion to dismiss will be
28   granted as to the alleged violations of California statutes. Additionally, the Court is fairly

confident the motion to dismiss will be granted as Blocher has not alleged sufficient claims of violations of the specified statutes by MindGeek itself.

### 3. Thirteenth Amendment

MindGeek next argues that Blocher has not actually alleged it violated the Thirteenth Amendment. (ECF No. 6 at 5-6.) The final section of Blocher's complaint states "because of the reasons stated here, court cases CV20-0083, CV-23-0077, and all the pleadings and papers on file in this case; the attached exhibits hereto, if any; and the argument that the actions of MindGeek USA Incorporated have violated the 13th Amendment, if allowed to argue at the time of hearing." (ECF No. 1-1 at 14.) MindGeek argues "to the extent Plaintiff is seeking to pursue a claim directly under the Constitution or an equivalent common law provision, those claims again fail because she has not pleaded the existence of any actions taken by Defendant, let alone actions that could support a claim of involuntary servitude." (ECF No. 6 at 6.) The Court agrees with MindGeek that "[i]t is unclear what wrongdoing is being alleged or relief sought from this language." (*Id.*) Therefore, the Court finds that MindGeek is likely to succeed on its argument that Blocher fails to state a claim upon which relief may be granted as to the Thirteenth Amendment.

### 4. Section 230

Finally, MindGeek argues Blocher's complaint should be dismissed with prejudice because "[e]ven if Plaintiff were to amend her Complaint to set forth some substantive claim against the entity that operates Pornhub, claims premised on the upload of content created by third parties are barred by Section 230 of the Communications Decency Act. 47 U.S.C. § 230." (ECF No. 6 at 6.) MindGeek explains that "websites cannot be held liable as the publishers of user-generated content like the videos Plaintiff alleges were uploaded to Pornhub. [] Thus, because Plaintiff seeks to hold Defendant liable for third-party content posted to Pornhub, her claims are proscribed by Section 230." (*Id.* (citing *Caraccioli v. Facebook, Inc.*, 167 F.Supp.3d 1056, 1067 (N.D. Cal. 2016), *aff'd*, 700 F. App'x 588 (9th Cir. 2017).) To be entitled to immunity under Section 230, the defendant

must be "(1) a provider or user of an interactive computer service (2) whom a plaintiff seeks to treat, under a state law cause of action, as a publisher or speaker (3) of information provided by another information content provider." *Dyroff*, 934 F.3d at 1097; *see also Barnes*, 570 F.3d at 1100.

In the motion to dismiss, MindGeek argues that Pornhub is an ICS because the definition includes websites where videos can be shared. (ECF No. 6 at 7 (citing *e.g., Doe v. Reddit, Inc.*, 2021 WL 5860904, at *3 (C.D. Cal. Oct 7, 2021), *aff'd sub. nom., Does 1-6 v. Reddit, Inc.*, 51 F.4th 1137, 1139 (9th Cir. 2022).) Ninth Circuit precedent establishes that content creators are not entitled to immunity and ICSs "can be both a service provider and a content provider." *Fair Hous. Council v. Roommates.com*, LLC, 521 F.3d 1157, 1162 (9th Cir. 2008) ("If [a website provider] passively displays content that is created entirely by third parties, then it is only a service provider with respect to that content. But as to content that it creates itself, or is 'responsible, in whole or in part' for creating or developing, the website is also a content provider."). Here, the complaint specifically alleges the content was created by Jeff Fenwick (Blocher's former boyfriend), the persons who held Blocher captive between April and June of 2020, and Ian Frankland (Blocher's current boyfriend). (ECF No. 1-1 at 7-8.) As the content in question is not alleged to have been created by the website, the Court is fairly convinced that Pornhub meets the standard for an ICS provider.

As to the second requirement for Section 230 immunity, MindGeek argues that a claim premised on the upload of videos to a website would treat the defendant as the publisher or speaker of third-party content. (*Id.*) Critically, "any activity that can be boiled down to deciding whether to exclude material that third parties seek to post online is perforce immune under section 230." *Roommates.com*, 521 F.3d at 1170-71. In her opposition to the motion to stay discovery, Blocher emphasizes the "need for additional constraints on the requirements for verification, such as 'a clear indication that all parties are aware that there is a camera' should be obvious" and "demand[s] reparations for damages suffered due to the lack of regulation in the defendants corporate doctrine,

which allows for the profitability of abuse and exploitation." (ECF No. 27 at 2.) From this description, the Court is fairly convinced that Blocher's claims do "boil[] down to deciding whether to exclude material that third parties seek to post online" because she alleges harm based on the failure of Pornhub to remove material uploaded by third parties.[2]

The final element for immunity under Section 230 asks whether the ICS provider itself created or developed the specific content at issue. *Dyroff*, 934 F.3d at 1097; *see also Carafano v. Metrosplash.com, In*c., 339 F.3d 1119, 1125 (9th Cir. 2003) (ICS is immune unless it creates the "particular information" that provides the basis of the plaintiff's claim). As mentioned above, the complaint specifically alleges the content was created by Jeff Fenwick, the persons who held Blocher captive between April and June of 2020, and Ian Frankland. (ECF No. 1-1 at 7-8.) From these allegations, the Court is fairly convinced that Pornhub did not create the content itself. Therefore, the Court is fairly convinced that MindGeek or the entity that operates Pornhub would be entitled to immunity under Section 230 because both entities are: (1) a provider or user of an ICS; (2) whom Blocher seeks to treat, under a state law cause of action, as a publisher or speaker; (3) of content provided by a third party. *Dyroff*, 934 F.3d at 1097; *see also Barnes*, 570 F.3d at 1100.

Accordingly, the Court is fairly convinced that MindGeek's motion to dismiss will be granted for failure to state a claim upon which relief will be granted or, in the alternative, granted because the claims are barred by Section 230. The undersigned recognizes the District Court may disagree and find that dismissal is not proper. However, based on the undersigned's review of the motions, statutes, and caselaw, this Court is fairly convinced that Defendants' motions to dismiss are likely to be granted. Based on the above analysis

---

[2] The second element for Section 230 immunity requires that the plaintiff seeks to treat the defendant, *under a state law cause of action*, as a publisher or speaker. *Dyroff*, 934 F.3d at 1097. The only potential non-state law claim in the complaint relates to the Thirteenth Amendment. As explained above, it is entirely unclear how Blocher seeks to hold MindGeek liable for violating the Thirteenth Amendment. Therefore, the Court finds it likely that the requirement that the cause of action be under a state law will not hinder the application of Section 230 immunity.

and review, the Court finds that each of the motion to stay factors support staying discovery and, therefore, MindGeek's motion to stay discovery should be granted.

### IV.  CONCLUSION

**IT IS THEREFORE ORDERED** that MindGeek's motion to stay discovery, (ECF No. 18), is **GRANTED** and discovery is stayed in this case pending resolution of the motion to dismiss.

**IT IS FURTHER ORDERED** that if the motion to dismiss is denied, the parties shall file a Proposed Discovery Plan and Scheduling Order within 30 days of the entry of the order denying the motion to dismiss.

**IT IS FURTHER ORDERED** that Blocher's motion to determine discovery plan, (ECF No. 30), is **DENIED** as moot.

**IT IS SO ORDERED**.

**DATED**: August 4, 2023.

_____
**UNITED STATES MAGISTRATE JUDGE**