UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JORDAN FLEMING BLOCHER,<br><br>                    Plaintiff,<br>        v.<br><br>MINDGEEK USA INC.,<br><br>                    Defendants. | Case No. 3:23-cv-00209-MMD-CLB<br><br>ORDER |

**I.   SUMMARY**

*Pro se* Plaintiff Jordan Fleming Blocher sues Defendant MindGeek USA Inc. after videos depicting Plaintiff being sexually assaulted appeared on Pornhub.com ("Pornhub"), a pornographic website Defendant operates. (ECF No. 1-1 ("Complaint").) Before the Court is Defendant's motion to dismiss all of Plaintiff's claims (ECF No. 6 ("Motion")).[1] As further explained below, the Court will grant the Motion.

**II.   BACKGROUND**

Unless otherwise noted, the following allegations are adapted from the Complaint.

Defendant operates Pornhub, a popular pornographic website, where third-party users can share sexually explicit videos and images. (ECF Nos. 1-1 at 7; 6 at 2.)

In 2018, Plaintiff suspected that her then-boyfriend had surreptitiously recorded videos of Plaintiff and uploaded them "to content sites for a profit." (ECF No. 1-1 at 7.) Plaintiff later confirmed her suspicions when she saw these videos on Pornhub. (*Id.*) Then, from April 2020 to June 2020, Plaintiff "was tortured in her home," "repeatedly drugged without her consent," and repeatedly sexually assaulted by a group of men who videotaped the incident ("2020 Assault"). (*Id.* at 7-8.) Videos of the 2020 Assault "were

---

[1]Plaintiff filed a response (ECF No. 16), and Defendant filed a reply (ECF No. 17).

released online" at some point in 2022.² Additionally, Plaintiff's current boyfriend has "made so many videos [of Plaintiff] that it became impossible to keep them a secret from her."³ (*Id.* at 8.)

The Complaint is somewhat unclear, but Plaintiff appears to assert claims under Nevada and California law as well as federal constitutional law: (1) negligence under Nevada law, (2) several criminal-law claims under the California Penal Code, and (3) involuntary servitude in violation of the Thirteenth Amendment of the U.S. Constitution.

### III. DISCUSSION

Defendant moves to dismiss all of Plaintiff's claims. The Court first addresses Plaintiff's California criminal-law claims. The Court then addresses whether Defendant is entitled to Section 230 immunity against Plaintiff's negligence and Thirteenth Amendment claims. Lastly, the Court will determine whether to grant Plaintiff leave to amend the claims it agrees with Defendant should be dismissed.

#### A. State-Law Criminal Claims

Construing the Complaint liberally, Plaintiff asserts several California criminal-law claims based on allegations of Plaintiff being sexually assaulted and the nonconsensual distribution of sexually explicit images of Plaintiff. (*Id.* at 11.) To the extent Plaintiff asserts claims under the California Penal Code, the Court dismisses these claims because Plaintiff lacks standing to assert criminal claims, no matter how personally aggrieved she may be. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (noting that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Dix v. Superior Ct.*, 807 P.2d 1063, 1066 (Cal. 1991) ("No private citizen, however personally aggrieved, may institute criminal proceedings independently[.]") (citations omitted); *Wiley v. Vea*, Case No. 19-00195 JMS-WRP, 2019 WL 3225703, at

---

²The Complaint does not specify who "released" the videos of the 2020 Assault. (*See* ECF No. 1-1 at 8.)

³It is unclear from the face of the Complaint whether Plaintiff's current boyfriend uploaded any of these videos onto Defendant's website. (*See* ECF No. 1-1 at 8.) For purposes of resolving Defendant's Motion, the Court infers that Plaintiff's current boyfriend also disseminated the videos on Pornhub.

*6 (D. Haw. July 17, 2019) (dismissing *pro se* plaintiff's state-law criminal claims because "Plaintiff lacks standing to assert criminal claims") (citations omitted). Accordingly, the Court grants Defendant's Motion on the California criminal-law claims and dismisses the claims with prejudice.

### B.   Section 230 of the Communications Decency Act of 1996

Defendant next moves to dismiss Plaintiff's negligence and Thirteenth Amendment claims with prejudice, arguing that it is immune from suit under Section 230 of the Communications Decency Act of 1996 ("CDA"), 47 U.S.C. § 230. (ECF No. 6 at 6-8.) Plaintiff does not address this argument at all in her response.[4] (*See generally* ECF No. 16.) As explained further below, the Court agrees with Defendant that dismissal is warranted under Section 230.

Section 230 of the CDA "protects certain internet-based actors from certain kinds of lawsuits." *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1099 (9th Cir. 2009). As relevant here, Section 230(c)(1) provides that "[n]o provider or user of an interactive computer service shall be treated as a publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). The CDA also expressly preempts "any State or local law that is inconsistent with [Section 230]." *Id.* at § 230(e)(3). "The majority of federal circuits have interpreted the CDA to establish broad federal immunity to any cause of action that would make service providers liable for information originating with a third-party user of the service." *Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1118 (9th Cir. 2007) (citations and quotation marks omitted). Congress enacted the CDA to advance "two parallel goals": "'to promote the free exchange of information and ideas over the Internet and to encourage voluntary monitoring for offensive or obscene

---

[4]Although the Court recognizes Plaintiff's *pro se* status, it also advises Plaintiff that "[t]he failure of an opposing party to file points and authorities in response to any motion, except a [summary judgment] motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." LR 7-2(d). That is, under the Local Rules, because Plaintiff fails to file any points and authorities responding to any of Defendant's arguments in its Motion, Plaintiff therefore consents to the granting of Defendant's Motion. *See id.* For these reasons, Local Rule 7-2(d) provides another independent basis on which the Court may grant Defendant's Motion.

material.'" *Barnes*, 570 F.3d at 1099-1100 (quoting *Carafano v. Metrosplash.com, Inc.*, 339 F.3d 1119, 1122 (9th Cir. 2003)).

In *Barnes*, the Ninth Circuit created a three-prong test to determine whether Section 230 immunity applies. 570 F.3d at 1100-01. "Immunity from liability exists for '(1) a provider or user of an interactive computer service (2) whom a plaintiff seeks to treat, under a state law cause of action, as a publisher or speaker (3) of information provided by another information content provider.'" *Dyroff v. Ultimate Software Grp., Inc.*, 934 F.3d 1093, 1097 (9th Cir. 2019) (quoting *Barnes,* 570 F.3d at 1100-01). "When a plaintiff cannot allege enough facts to overcome Section 230 immunity, a plaintiff's claims should be dismissed." *Id.* (citing *Kimzey v. Yelp! Inc.*, 836 F.3d 1263, 1268-71 (9th Cir. 2016)).

For the reasons below, the Court finds that Defendant satisfies all three prongs of the *Barnes* test, warranting dismissal of the Complaint.

### 1. Defendant is an Interactive Computer Service Provider

Defendant, which operates Pornhub, argues that it is a provider of an interactive computer service ("ICS") under Section 230—an assertion Plaintiff does not dispute. (ECF No. 6 at 7; *see also* ECF No. 16.) The CDA defines an ICS as "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server." 47 U.S.C. § 230(f)(2). Federal courts have held that websites where users can share videos fall within the CDA's definition of an ICS. *See, e.g.*, *Does 1-6 v. Reddit, Inc.*, 51 F.4th 1137, 1139, 1141 (9th Cir. 2022) (concluding that defendant-website, where third-party users shared "sexually explicit images and videos" of minors, is an "interactive computer service" provider); *Doe v. Reddit, Inc.*, Case No. SACV 21-00768 JVS (KESx), 2021 WL 5860904, at *3 (C.D. Cal. Oct. 7, 2021) (concluding the same because "Reddit provides a system that enables computer access by multiple users to a server") (citation omitted).

The Court agrees that Defendant—operator of Pornhub, a website where users can share sexually explicit images and videos—is an ICS provider because it "provides a system that enables computer access by multiple users to a server." *Doe*, 2021 WL

4

5860904, at *3; *see also* 47 U.S.C. § 230(f)(2). Accordingly, Defendant satisfies the first *Barnes* prong.

### 2.  Plaintiff Treats Defendant As a "Publisher"

Next, the Court must determine whether Plaintiff "seeks to treat [Defendant], under a state law cause of action, as a publisher or speaker." *Barnes*, 570 F.3d at 1100. The Court finds that she does.

"[S]ubsection 230(c)(1) precludes liability when the duty the plaintiff alleges the defendant violated derives from the defendant's status or conduct as a publisher or speaker." *Id.* at 1102, 1107. Relevant to this second *Barnes* prong, "what matters is whether the cause of action inherently requires the court to treat the defendant as the 'publisher or speaker' of content provided by another." *Id.* at 1101-02 "Rooted in the common sense and common definition of what a publisher does," a defendant-website's activity counts as "publication" if it "involves reviewing, editing, and deciding whether to publish or to withdraw from publication third-party content." *Id.* at 1102; *see also Fair Hous. Council of San Fernando Valley v. Roommates.Com, LLC*, 521 F.3d 1157, 1170-71 (9th Cir. 2008) ("[A]ny activity that can be boiled down to deciding whether to exclude material that third parties seek to post online is perforce immune under section 230.") (citation omitted).

Here, Plaintiff appears to assert negligence and Thirteenth Amendment claims based on allegations that Plaintiff's former boyfriend and others surreptitiously filmed her and posted several videos on Pornhub, some of which depicting the 2020 Assault. (ECF No. 1-1 at 7-8.) As for the negligence claim, Plaintiff merely asserts that "the negligence of [Defendant] is clear," and that she has suffered mental anguish and "extreme social stigma" due to the circulation of these videos on the website.[5] (*Id.* at 8-9.) As for the

---

[5] Even assuming Section 230 does not immunize Defendant, Plaintiff still fails to plead a plausible negligence claim. Besides merely stating that "the negligence of [Defendant] is clear," and alleging having suffered mental anguish and "extreme social stigma," Plaintiff alleges no facts from which the Court can reasonably infer that (1) Defendant owed a duty of care to Plaintiff, (2) Defendant breached that duty, or (3) Defendant's breach proximately caused Plaintiff's injury. (*See* ECF No. 1-1 at 7-9.) *See*

Thirteenth Amendment claim, Plaintiff alleges no additional facts and merely concludes that Defendant's actions "have violated the Thirteenth Amendment."[6] (*Id.* at 14.) Plaintiff plainly bases both claims on Defendant's publication practices—that is, "activit[ies] that can be boiled down to deciding whether to exclude material that third parties seek to post online" that are normally "immune under section 230." *Roommates.Com, LLC*, 521 F.3d at 1170-71. The Court finds that Plaintiff, through her negligence and Thirteenth Amendment claims, seeks to hold Defendant liable as a publisher. Accordingly, Defendant satisfies the second *Barnes* prong.

### 3.  Defendant Published Third-Party Content

Finally, the Court evaluates whether the published videos depicting Plaintiff constitute third-party content for Section 230 purposes. Accepting Plaintiff's allegations as true and drawing reasonable inferences in her favor, the Court finds that the alleged videos were created by third parties—Plaintiff's ex-boyfriend, her current boyfriend, and other unidentified individuals. (*Id.* at 7-8.) Plaintiff does not allege any facts suggesting that Defendant "create[d] or develop[ed] the specific content at issue" or otherwise "materially contributed to the content posted" on Pornhub. *Dyroff*, 934 F.3d at 1097, 1099. Because Plaintiff does not allege facts indicating that Defendant "required users to post specific content, made suggestions regarding the content of potential user posts, or

---

*also Sanchez ex rel. Sanchez v. Wal-Mart Stores, Inc.*, 221 P.3d 1276, 1280 (Nev. 2009); *Sparks v. Alpha Tau Omega Fraternity, Inc.*, 255 P.3d. 287, 296-97 (Nev. 2011).

[6]Even assuming Defendant is not entitled to Section 230 immunity, Plaintiff still fails to allege a plausible Thirteenth Amendment claim. As Defendant points out, Plaintiff has not pleaded any additional facts indicating that Defendant subjected her to involuntary servitude. (ECF No. 6 at 5-6.) To be sure, the Thirteenth Amendment provides that "[n]either slavery nor involuntary servitude . . . shall exist within the United States," and that "Congress shall have the power to enforce this article by appropriate legislation." U.S. Const. amend. XIII §§ 1-2. However, "[t]here is not a private right of action under the Thirteenth Amendment; rather, plaintiffs must instead base such claims on one of the statutes implementing" it. *Simpson v. Agatone*, Case No. 2:15-cv-00254-RFB-CWH, 2018 WL 5074677, at *4 (D. Nev. Sept. 5, 2018), *report and recommendation adopted*, 2018 WL 5045197 (Oct. 17, 2018) (citing *Del Elmer v. Metzger*, 967 F. Supp. 398, 402 (S.D. Cal. 1997) (collecting cases)). Plaintiff does not base her claim on any such statute. Even assuming such a private right of action exists, Plaintiff does not allege that Defendant forced her to work in any way resembling involuntary servitude. This serves as an independent basis on which to dismiss this claim. *See id.*

contributed to making unlawful or objectionable user posts," *id.* at 1099, the Court concludes that Defendant also satisfies the third *Barnes* prong and is thus entitled to Section 230 immunity against the negligence and Thirteenth Amendment claims as alleged in the Complaint.

For these reasons, the Court grants Defendant's Motion on the negligence and Thirteenth Amendment claims and dismisses them without prejudice.

### C.    Leave to Amend

Finally, the Court considers whether it will grant Plaintiff leave to amend. The Court has discretion to grant leave to amend and should freely do so "when justice so requires." Fed. R. Civ. P. 15(a); *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Nonetheless, the Court may deny leave to amend if it will cause: (1) undue delay; (2) undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the party has repeatedly failed to cure deficiencies; or (5) the amendment would be futile. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). Facts raised for the first time in a plaintiff's opposition papers should be considered by the Court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice. *See Orion Tire Corp. v. Goodyear Tire & Rubber Co.*, 268 F.3d 1133, 1137-38 (9th Cir. 2001).

The Court recognizes the practical hurdles Plaintiff faces as a *pro se* litigant and sympathizes with Plaintiff's plight. However, in taking the Complaint's allegations as true and drawing reasonable inferences in Plaintiff's favor, the Court finds that amendment of the Complaint would be futile. Therefore, the Court dismisses Plaintiff's negligence and Thirteenth Amendment claims without prejudice but without leave to amend. Additionally, the Court dismisses Plaintiff's California criminal-law claims with prejudice and without leave to amend.

///

///

///

### IV. CONCLUSION

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that Defendant MindGeek USA Inc.'s motion to dismiss (ECF No. 6) is granted.

It is further ordered that the Clerk of Court enter judgment accordingly and close this case.

DATED THIS 8th Day of August 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE